UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY SNOWDEN,

            Petitioner,

v.

STATE OF NEW JERSEY,

           Respondents.

**Hon. Faith S. Hochberg**

Civil No. 11-3566 (FSH)

**MEMORANDUM OPINION**

It appearing that:

1. On June 20, 2011, the Clerk received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, submitted by Anthony Snowden, a prisoner at Northern State Prison in New Jersey. Although Petitioner used a form § 2254 petition and he states that he is challenging a judgment of conviction entered in the Superior Court of New Jersey, Essex County, the Petition does not otherwise identify the judgment of conviction being challenged by date or by docket number. (Docket Entry #1, p. 1.)

2. Section 2254(a) of Title 28 of the United States Code provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2 requires a petition to specify the judgment being challenged, requires the petition to name the state officer who has custody as respondent, and requires separate habeas petitions to challenge separate judgments of conviction. See 28 U.S.C. § 2254 Rule 2(b, (c), (e); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

4. The Petition before this Court is deficient because it does not identify the judgment being challenged by date and docket number. Because the Petition is deficient, this Court will administratively terminate this matter, without prejudice to the filing of an amended petition under 28 U.S.C. § 2254 within 30 days, which complies with Habeas Rule 2. In the event that Petitioner files same, this Court will reopen the file and use the original date of filing as the filing date for purposes of the statute of limitations.

5. An appropriate Order accompanies this Opinion.

s/ Faith S. Hochberg
**FAITH S. HOCHBERG, U.S.D.J.**

Dated: July 6, 2011