# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY SNOWDEN, | : | **Hon. Faith S. Hochberg** |
| Petitioner, | : | |
| | : | Civil Action No. 11-3566 (FSH)) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

> ANTHONY SNOWDEN, #528791
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey  07114
> Petitioner Pro Se

**HOCHBERG**, District Judge:

Anthony Snowden, a prisoner incarcerated at Northern State Prison in Newark, New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Essex County, on June 17, 2005.  For the reasons expressed below, and because the Petition, as drafted and read in light of the electronically available state court decisions, shows that the claims are time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will grant Petitioner 30 days to file a written statement which sets forth

detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Essex County, on June 17, 2005, after a jury found him guilty of conspiracy to commit robbery, robbery, unlawful possession of a rifle, possession of a rifle for an unlawful purpose, unlawful possession of a bayonet, and possession of hollow point bullets.  The Law Division imposed an aggregate sentence of 15 years in prison with an 85% period of parole ineligibility.  See State v. Snowden, 2007 WL 1119339 (N.J. Super., App. Div., Apr. 17, 2007).  Petitioner appealed, and on April 17, 2007, the New Jersey Superior Court, Appellate Division, affirmed the conviction and sentence.  Id.  The New Jersey Supreme Court denied certification on June 15, 2007.  State v. Snowden, 192 N.J. 72 (2007) (table).

Petitioner asserts that he filed his first state petition for post-conviction relief on August 1, 2008.  (Dkt. 4 at 3, ¶ 11(a)(3.)  The Law Division denied the petition, and Petitioner appealed.  On January 20, 2010, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Snowden, 2010 WL 173526 (N.J. Super. Ct., App. Div., Jan. 20, 2010).  The New Jersey Supreme Court denied certification on April 29, 2010.  See State v. Snowden, 201 N.J. 499 (2010) (table).

Petitioner executed his original § 2254 Petition (Dkt. 1) on April 24, 2011.  The

Amended Petition raises four grounds:

> Ground One:  IMPERMIS[S]IBLY SUGGESTIVE
> IDENTIFICATION PROCESS CONDUCTED BY POLICE.
>
> Ground Two:  INEFFECTIVE ASSISTANCE BY THE COURT
> APPOINTED TRIAL COUNSEL.
>
> Ground Three:  MY DUE PROCESS RIGHT WAS VIOLATED
> BY THE POST-CONVICTION RELIEF COURT.
>
> Ground Four:  EXCESSIVE AND CRUEL SENTENCE WAS
> PASSED ON THE DEFENDANT AS AGAINST THE MORE
> LENIENT PROBATIONARY SENTENCE PASSED ON THE
> CO-DEFENDANT WHO COPPED OUT.  THE DISPARITY
> WAS HUGE.

(Dkt. 4 at 5, 7, 8, 10.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v.

Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the

relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of

perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a

responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient

on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State

court record has been found warranted when "it appears on the face of the petition that petitioner

is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S.

1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437

(3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the

petition would entitle [the petitioner] to relief").

B.  Statute of Limitations

        Prior to substantively examining the Petition or ordering an answer, this Court will

determine whether the Petition and relevant state court decisions (which are available on

Westlaw), show that the Petition is time barred.  See Day v. McDonough, 547 U.S. 198, 209

(2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the

timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519

F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time

barred on the ground that it lacks sufficient information to establish timeliness, but may do so

where untimeliness is clear from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03

(3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28

U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

                (A) the date on which the judgment became final by the conclusion
                of direct review or the expiration of the time for seeking such
                review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549 (2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).  As the Supreme Court explained,

an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers

5

> generally . . . .  But in common usage, the question whether an
> application has been "properly filed" is quite separate from the
> question whether the claims *contained in the application* are
> meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition

for state post-conviction relief that was rejected by the state courts as untimely is not "properly

filed" under § 2244(d)(2)).

     A post-conviction relief application remains pending in state court until "the state courts

have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not

toll the 1-year limitations period during the pendency of a petition for certiorari."  Lawrence v.

Florida, 549 U.S. 327, 332 (2007).

     The AEDPA statute of limitations is also subject to equitable tolling.  See Holland, 130 S.

Ct. at 2560; Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618.  "A

statute of limitations 'can be tolled when principles of equity would make [its] rigid application

unfair.'"  Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp.

Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)).  "Generally, a litigant seeking equitable tolling

bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S. Ct. at 2562

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d

271, 275-276 (3d Cir. 2005).  "There are no bright lines in determining whether equitable tolling

is warranted in a given case.  Rather, the particular circumstances of each petitioner must be

taken into account."  Pabon v. Mahanoy, ___ F. 3d ___, 2011 WL 2685586 at *12 (3d Cir. July

12, 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[1]  "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted), but "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the behavior is egregious.  Id. at 2562, 2564; see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'"  Holland, 130 S. Ct. at 2565 (internal citations omitted). However, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

---

[1] For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling."  Pabon at *13.  In Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Snowden's judgment of conviction became final on September 13, 2007, when the time to file a petition for certiorari expired.  See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011).  The 365-day limitations period began the next day on September 14, 2007, and ran for 322 days until it was statutorily tolled upon Petitioner's filing of his first state petition for post-conviction relief on August 1, 2008.  (Dkt. 4 at 3.)  The limitations period picked up on April 30, 2010, the day after the New Jersey Supreme Court denied certification on post-conviction review, and, in the absence of equitable tolling, it ran for 43 days until it expired at day 365 on June 14, 2010.  Because Petitioner did not sign and file his original § 2254 Petition (Dkt. 1) in this Court until April 24, 2011, in the absence of equitable tolling, the § 2254 Petition is untimely.

Although the Petition form itself asks Petitioner to explain why the Petition is not time barred under 28 U.S.C. § 2244(d), and includes the text of § 2244(d), Snowden provided no explanation for the late filing.  (Dkt. 1 at 13-4; Dkt. 4 at 13-14.)  As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, nothing in Petitioner's submissions insinuates that he was either prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable

diligence in pursuing his rights.  Under these circumstances, equitable tolling of the statute of

limitations does not appear to be warranted.  And because nothing indicates that the interests of

justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210,

this Court will dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid

grounds for statutory and/or equitable tolling of the instant Petition, and might wish to raise these

grounds to show timeliness of his Petition.  See Day, 547 U.S. at 210 (before acting on timeliness

of petition, court must accord Petitioner fair notice and an opportunity to present his position).

This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth

detailed tolling arguments, or otherwise presents an argument that the Petition is not untimely.[2]

This Court will administratively terminate the case at this time for statistical purposes, but will

retain jurisdiction over the Petition during this 30-day period and reopen the file to consider

Petitioner's arguments in the event that he raises them within this period.  See Wanger v.

Hayman, Docket No. 09-6307 (SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied,

C.A. No. 11-1375 (3d Cir. May 26, 2011); Tozer v. Powers, Docket No. 08-2432 (RMB) order

dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final

order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

[2] Petitioner's tolling argument must account for the time between June 14, 2010 (when the 365-day limitations period expired), and April 24, 2011 (when Petitioner signed his original § 2254 Petition).

§ 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.


                                         s/ Faith S. Hochberg
                                         **FAITH S. HOCHBERG**
                                         District Judge


DATED: August 31, 2011

10